CLARK HILL LLP
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Matthew Mejia (SBN 330028)
mmejia@clarkhill.com
350 Tenth Avenue, Suite 1200
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Defendant*
*Smile Brands Inc. dba Bright Now! Dental & Orthodontics*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANNER HERZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILE BRANDS INC. d/b/a BRIGHT NOW! DENTAL & ORTHODONTICS,<br><br>Defendant. | Case No. 25-cv-3400-H-BLM<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: April 20, 2026<br>Time: 10:30 a.m.<br>Ctrm: 12A<br>Judge: Hon. Marilyn L. Huff<br><br>Complaint Filed: 12/03/2025 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 20, 2026 at 10:30AM, or as soon thereafter as the matter may be heard, before Honorable Marilyn L. Huff, in Courtroom 12A (Floor 12) of the above-entitled Court, located at James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, Defendant Smile Brands, Inc. d/b/a Bright Now! Dental & Orthodontics ("Defendant"), by and through its attorneys of record, will and hereby moves for an order dismissing the Complaint ("Complaint"), with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This motion is based upon the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the following memorandum of points and authorities, a proposed order, the complete file and records in this action, the argument of counsel; and such other matters as the Court may consider.

Respectfully submitted,

Dated: February 16, 2026

CLARK HILL LLP

By: /s/ *Myriah V. Jaworski*
Myriah V. Jaworski

Attorney for Defendant Smile Brands Inc. dba Bright Now! Dental & Orthodontics

**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. RELEVANT ALLEGATIONS .......... 2

III. ARGUMENT .......... 4

A. PLAINTIFF LACKS ARTICLE III STANDING .......... 4

1. Fed. R. Civ. P. 12(b)(1) Standard .......... 4

2. Plaintiff's Complaint Fails to Facially Allege a Concrete Harm .......... 5

3. Plaintiff Fails to Allege any Fairly Traceable Injury .......... 8

4. Plaintiff Lacks Standing to Seek Injunctive Relief .......... 9

B. PLAINTIFF'S CLAIMS ALSO FAIL UNDER RULE 12(b)(6) .......... 9

1. Legal Standard .......... 9

2. Plaintiff Fails to Allege a Plausible CIPA Claim .......... 10

3. Electronic Communications Privacy Act – 18 U.S.C. § 2511 .......... 20

4. Plaintiff Fails to State a Constitutional Invasion of Privacy Claim .......... 23

IV. CONCLUSION .......... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.S. v. SelectQuote Ins. Servs.*,
No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850 (S.D. Cal. Aug. 19, 2024) .......... 4, 17

*Abbie v. Shasta Cnty.*,
No. 2:20-cv-01995, 2023 WL 4274135 (E.D. Cal. June 29, 2023) .......... 19

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) .......... 10

*Al-Ahmed v. Twitter, Inc.*,
648 F. Supp. 3d 1140 (N.D. Cal. 2023) .......... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 10

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024) .......... 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 10

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 16

*Byars v. Goodyear Tire and Rubber Co.*,
654 F. Supp. 3d 1020 (C.D. Cal. 2023) .......... 15

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 8

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) .......... 18

*Catsouras v. Dep't of Cal. Highway Patrol*,
181 Cal. App. 4th 856 (2010) .......... 24

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 9

*Deteresa v. Am. Broad. Companies, Inc.*,
121 F.3d 460 (9th Cir. 1997) .......... 22, 25

*Doe v. Cnty. of San Diego*,
2024 WL 946958 (S.D. Cal. Mar. 5, 2024) .......... 23

*Doe v. Eating Recover Center LLC*,
--- F. Supp. 3d --, 2025 WL 2971090 (N.D. Cal., October 17, 2025) (J. Chhabria) .......... 1, 2, 13

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) .......... 20, 22

*Esparza v. Gen Digital Inc.*,
No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) .......... 10, 14

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) .......... 15

*Esparza v. UAG Escondido A1 Inc.*,
No. 23-cv-0102, 2024 WL 559241 (S.D. Cal. Feb. 12, 2024) .......... 13, 14

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) .......... 13, 24

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 20

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) (per curiam) .......... 10

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) .......... 18

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) .......... 11, 12

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) .......... 4

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015) .......... 21

*In re Google RTB Consumer Priv. Litig.*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) .......... 23

*In re Google, Inc. Privacy Pol'y Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) .......... 24

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) .......... 13, 15

*In re Grp. Health Plan Litig.*,
No. 23-CV-267, 2023 WL 8850243 (D. Minn. Dec. 21, 2023) .......... 21

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) .......... 16

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 25

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 14, 15, 16

*Hayden v. Retail Equation, Inc.*,
2022 WL 2254461 (C.D. Cal. May 4, 2022) .......... 25

*Heiting v. FKA Distrib. Co.*,
No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025) .......... 6

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) .......... 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) .......... 23, 25

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSX, 2024 WL 5179916 (C.D. Cal. July 12, 2024) .......... 7, 8

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) .......... 7

*Jones v. Peloton Interactive, Inc.*,
720 F. Supp. 3d 940 (S.D. Cal. 2024) .......... 9

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) .......... 5, 7

*Khamooshi v. Politico LLC*,
No. 24-CV-07836-SK, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) .......... 5

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023) .......... 19

*Lien v. Talkdesk, Inc.*,
No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025) .......... 7

*Lightoller v. Jetblue Airways Corp.*,
2023 WL 3963823 (S.D. Cal. June 12, 2023) .......... 5

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 24

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) .......... 12, 17

*McGowan v. Weinstein*,
505 F. Supp. 3d 1000 (C.D. Cal. 2020) .......... 12

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d at 798 .......... 18, 23

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 5, 8

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) .......... 10

*Nienaber v. Overlake Hosp. Med. Ctr.*,
733 F. Supp. 3d 1072 (W.D. Wash. 2024) .......... 21

*NovelPoster v. Javitch Canfield Group*,
140 F. Supp. 3d 938 (N.D. Cal. 2014) .......... 17

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
No. 16-CV-01393-JST, 2017 WL 2672113 (N.D. Cal. Jan. 19, 2017) .......... 10

*People v. Lee*,
31 Cal. 4th 613 (2003) .......... 13

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 5

*Posadas v. Goodyear Tire & Rubber Co.*,
No. 23-CV-0402-L-DDL, 2024 WL 5114133 (S.D. Cal. Dec. 13, 2024) .......... 7

*Revitch v. New Moosejaw, LLC*,
No. 18-cv-06827, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) .......... 18

*Ribas v. Clark*,
38 Cal. 3d 355 (1985) .......... 12

*Rodriguez v. Brushfire Recs.*,
No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) .......... 5, 18

*Rodriguez v. Ford Motor Co.*,
No. 3:23-cv-00598, 2024 WL 1223485 (S.D. Cal. Mar. 21, 2024) .......... 13

*Saedi v. SPD Swiss Precision Diagnostics GMBH*,
No. 2:24-cv-06525, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) .......... 21

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) .......... 20

*Smith v. Yeti Coolers, LLC*,
No. 24-cv-01703-RFL, 2025 WL 877127 (N.D. Cal. March 14, 2025) .......... 14

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 5

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 13, 18

*Thomas v. Papa John's Int'l, Inc.*,
No. 22CV2012 DMS (MSB), 2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 18, 19

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 4, 5

*Turner v. Nuance Commc'ns, Inc.*,
No. 22-CV-05827-DMR, 2024 WL 2750017 (N.D. Cal. May 28, 2024) .......... 19

*Urbaniak v. Newton*,
226 Cal. App. 3d 1128 (1991) .......... 24

*Valenzuela v. Keurig Green Mountain, Inc.*,
2023 WL 6609351 (N.D. Cal. Oct. 10, 2023) .......... 5

*Walsh v. Dollar Tree Stores, Inc.*,
No. 25-CV-01601-SVK, 2025 WL 2939229 (N.D. Cal. Oct. 16, 2025) (following *Smith*) .......... 14

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) .......... 4, 5

*Wright v. TrueCare Prop. Holdings, LLC*,
No. 3:25-CV-00786-JES-BLM, 2025 WL 3248749 (S.D. Cal. Nov. 21, 2025) .......... 6, 22

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 15

*Zarif v. Hwareh.com, Inc.*,
789 F. Supp. 3d 880 (S.D. Cal. 2025) .......... 23

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 14, 15, 16

**Rules**

Fed. R. Civ. P. 12(b)(1) .......... 1, 2, 4

Fed. R. Civ. P. 12(b)(6) .......... 2, 9

**Statutes**

18 U.S.C. § 2511(1) .......... 20
18 U.S.C. § 2511(2)(d) .......... 20, 22
42 U.S.C. § 1320d-6(a)(3) of HIPAA .......... 22
Cal. Civ. Proc. Code § 340(a) .......... 11
Cal. Pen. Code § 631 .......... 9, 13
Cal. Pen. Code § 631(a) .......... 2, 10, 12, 13, 14, 15, 16, 17, 19
Cal. Pen. Code § 632 .......... 2, 9, 10, 17, 18, 19, 20
Electronic Comunication Privacy Act .......... 2, 5, 9, 13, 20, 21, 22, 23
Federal Wiretap Act .......... 14, 15, 23
HIPAA .......... 22

**Other Authorities**

California Constitution .......... 5, 24
Oct. 3, 2024 Web Archive Capture Smile's Website Privacy Policy, available at: https://web.archive.org/web/20241003160028/https://www.brightnow.com/ privacy-policy/#TOCLocation_4b (last accessed Feb. 16, 2025) .......... 11
www.brightnow.com .......... 1

# I. **INTRODUCTION**

Plaintiff Tanner Herzman's ("Plaintiff") asserts four privacy claims on behalf of a nationwide and California putative class because Defendant Smile Brands, Inc.'s ("Defendant" or "Smile") allegedly used a routine website analytics tool (Google Analytics) on its public facing website, www.brightnow.com ("Website"). [ECF No. 1].[1] California state and federal courts are currently being overrun with state law invasion of privacy ("CIPA") claims, leading a California federal court to recently describe CIPA as a "total mess" and declare: "The state of affairs with CIPA is untenable." *Doe v. Eating Recover Center LLC*, --- F. Supp. 3d --, 2025 WL 2971090 *1 (N.D. Cal., October 17, 2025) (J. Chhabria). But, even within this already messy legal terrain, this Plaintiff's Complaint stands apart. This is because the Complaint is time-barred, factually defective and legally invalid.

To begin, Plaintiff's claims hinge entirely on a single alleged booking made on Smile's Website in October 2024. [ECF No. 1 at ¶ 10]. Plaintiff's theory is that when he booked an appointment on the Website, certain of his information was shared with Google. [*Id*. ¶¶ 10-13]. However, not only does the alleged Website booking in October 2024 fall *outside* CIPA's one-year statute of limitations but Plaintiff lacks Article III standing as a matter of law under Rule 12(b)(1).

As to the facial Rule 12(b)(1) challenge, Plaintiff's complaint fails because – despite being 175 paragraphs long – the complaint contains *a single paragraph* about his actual alleged experience with Smile's Website. [*Id*. ¶ 10]. And, the only allegation there is that he "made an appointment using the Website for dental services." *Id*. Herzman does not allege that he input any private or confidential information into a booking form (*e.g.*, a communication, a request for specific services, or diagnoses information), nor does he even allege that he submitted his name, what type of device he was on, or that he was in California at the time of the

---

[1] For consistency, references are to the CM/ECF-generated document and page numbers, as well as to the paragraph numbers in the pleading.

alleged booking. Thus, even on a facial Rule 12(b)(1) challenge, the Complaint fails to allege sufficient facts to demonstrate the collection of identifiably and cognizably private information sufficient to satisfy Article III.

Even if Plaintiff could somehow meet the threshold of demonstrating Article III standing, each of his claims fail under Rule 12(b)(6):

***First***, Plaintiff's CIPA §§ 631(a) and 632 claims fail because they are facially time-barred, and each of the respective claims fail to plead the essential elements.

***Next***, Plaintiff's Electronic Communications Privacy Act ("ECPA") claim fails because (a) he was a party to the communication allegedly intercepted, (b) he consented to the alleged interception by Google, (c) the "crime-tort exception" does not apply, and (d) he fails to allege interception of "content" information.[2]

***Last***, Plaintiff's common law invasion of privacy claim fails because he does not and cannot allege: (a) intrusion upon protected private information, and (b) an intrusion that is highly offensive and an "egregious breach of social norms."

## II. RELEVANT ALLEGATIONS

Plaintiff alleges that Defendant is a dental support services provider that allows patients to schedule in-person dental appointments through its Website. [ECF No. 1 at ¶¶ 2, 86–87]. All four causes of action are based on the same core theory: that the Website utilizes Google's tracking technologies and this allegedly caused Plaintiff's appointment-related information and browser/device data to be sent to Google. [*Id.*]

Specifically, Plaintiff alleges that, on or around October 2024, he used the Website to book a dental appointment at Defendant's Oceanside location. [*Id.* at ¶ 10]. He intentionally omits the specific procedure he allegedly scheduled "to protect his privacy." [*Id.* at ¶ 10 n.5]. Plaintiff further alleges that he maintained an active

[2] To the extent this Court find any ambiguity in ECPA or CIPA's application to internet technologies, this Court should apply the rule of lenity and resolve those issues in Smile's favor. *Doe*, 2025 WL 2971090 at *1.

Google account and used "the same device and browser" for accessing his Google account and the Website. [*Id.* at ¶¶ 10, 12–13.]

Plaintiff alleges that Smile "embed[ed] Google's tracking technologies […] on the Website." *Id.* at ¶¶ 8–9, 15, 88–91. Plaintiff alleges –"generally" – that when patients book appointments, the tracking technologies collect and transmit information such as the city and state of the appointment and the type of dental service selected through HTTP requests. [*Id.* at ¶¶ 89–92 (Fig. 1 and 2)]. Plaintiff maintains that those HTTP requests inherently include IP address information and device characteristics, and that Google can associate this data with user IDs or browser "fingerprints" tied to a particular Google profile, discerning the identities of specific individuals. [*Id.* at ¶¶ 91, 93–95]. However, Plaintiff does not allege that any specific piece of his personal information was collected in this manner. [*Id.*]

Plaintiff vaguely alleges that he "began receiving targeted advertisements for similar products and services" after he booked appointments on the Website. [*Id.* at ¶ 12]. He does not identify the content of those ads, how soon they began appearing, or any concrete harm associated with them. Plaintiff only alleges that he "would not have made an appointment on the Website if he knew Defendant was sharing his PHI with unknown third parties." [*Id.*]

Finally, Plaintiff alleges that his claims should be tolled because Google's tracking technologies are "entirely invisible to a website visitor" and that, despite exercising diligence, Plaintiff could not have discovered Defendant's conduct any earlier. [*Id.* at ¶¶ 99–106]. Plaintiff never says how Defendant actually misled or concealed information from him, never claims whether or not he read any privacy disclosures, and never explains when or how he supposedly discovered the tracking in light of allegedly receiving targeted advertising soon after this alleged online appointment request. [*Id.*]

## III. ARGUMENT

### A. PLAINTIFF LACKS ARTICLE III STANDING

To meet the requirements of Article III standing, a plaintiff must show that: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *see Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)).

Plaintiff lacks Article III standing because:

***First***, Plaintiff lacks an injury-in-fact because he fails to allege facts showing any interaction with Smile's website that would have led to the interception of identifiable, and cognizably private information. He does not allege submitting identifiable or private information during his alleged booking in October 2024.

***Second***, Plaintiff fails to plausibly allege a fairly traceable injury based on the alleged receipt of "targeted advertisements." Plaintiff neither describes these alleged advertisements nor alleges facts that would draw a nexus between the advisement and information he allegedly submitted to Smile's Website.

***Last***, Plaintiff lacks standing to seek injunctive relief for all the reasons above, and because any future visit to the Website would be with his implied consent.

#### 1. Fed. R. Civ. P. 12(b)(1) Standard

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence." *A.S. v. SelectQuote Ins. Servs.*, No. 3:23-CV-02258-RBM-MSB, 2024 WL 3881850, at *5 (S.D. Cal. Aug. 19, 2024). Conclusory allegations are inadequate; Plaintiff

must "clearly [...] allege facts demonstrating each [standing] element," even in a putative class action. *Winsor*, 62 F.4th at 523 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

A bare procedural violation is insufficient to demonstrate Article III standing. *Spokeo, Inc.*, 578 U.S. at 341; *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) ("*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort[.]") (discussing analogous privacy statute); *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) ("*Khamooshi II*") (applying *Popa* to CIPA and privacy claims under the California Constitution).

**2. Plaintiff's Complaint Fails to Facially Allege a Concrete Harm**

For claims alleging a privacy-based violation based on the alleged interception of information by internet technologies, courts routinely hold that a statutory violation *alone* does not satisfy Article III's injury-in-fact prong. *See Popa*, 153 F.4th at 791; *Rodriguez v. Brushfire Recs.*, No. 2:25-CV-09797-CAS-PDX, 2025 WL 3692144, at *5 (C.D. Cal. Dec. 15, 2025) (ECPA and CIPA claim); *see also Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 863 (S.D. Cal. 2023); *Khamooshi II*, 2025 WL 2822879, at *3 (applying *Popa* to CIPA and privacy claims under the California Constitution); *Lightoller v. Jetblue Airways Corp.*, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023). Rather, a "plaintiff must identify the specific personal information she disclosed that implicates a protectible privacy interest to survive a motion to dismiss." *Mikulsky*, 682 F. Supp. 3d at 864; *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) ("*Khamooshi I*") (to sufficiently allege injury-in-fact for a privacy violation, "a plaintiff must identify the 'specific personal information [he] disclosed that implicates a protectable privacy interest.'"); *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351, *1 (N.D. Cal. Oct. 10, 2023) ("While [p]laintiff alleges Defendant violated CIPA, [p]laintiff fails to allege . . . any kind of privacy violation.").

Plaintiff fails to allege an injury-in-fact for any of his claims because he fails to plausibly plead that his interaction with Smile's Website caused the disclosure of his identifiable, cognizably private information to Google.

a. Plaintiff Does Not Allege Facts Demonstrating Disclosure of His Cognizably Private Information

Plaintiff alleges that he used the Website in October 2024 to schedule a dental service appointment. [ECF No. 1 at ¶ 10, n.5]. Not only does Plaintiff "intentionally omit" the services he allegedly received from Smile, but fails to plausibly allege he submitted a booking on Smile's Website during which cognizably private information was collected. Rather, the Complaint repeatedly relies on broad labels of PHI, PII, identifying information, and confidential and sensitive dental information, without articulating how *his* alleged experience on Smile's Website actually led to disclosure of his cognizably private information. *See Wright v. TrueCare Prop. Holdings, LLC*, No. 3:25-CV-00786-JES-BLM, 2025 WL 3248749, at *2 (S.D. Cal. Nov. 21, 2025).

Plaintiff's sole allegation about his experience on the Website is that he made an appointment for Dental Services at Smile's Oceanside location in October 2024 (outside of CIPA's statute of limitations). *Id.* 1 at ¶ 10. However, Plaintiff does not allege any facts demonstrating that the alleged booking led to the collection of cognizably private information. He does not allege that he entered the condition for which he was seeking treatment or the type of treatment he was seeking in the booking form. He does not allege that he was logged into a personal computer and/or logged into his Google account at the time of the booking.

Plaintiff's generic allegations about the operation of Smile's Website are insufficient to connect the dots between Plaintiff's alleged experience on the Website *in 2024* and how the Website operates *now* based on his counsel's alleged attempt to book an appointment. *See Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *2 (C.D. Cal. Feb. 3, 2025) (no standing

where plaintiff failed to allege what information she provided, what was captured, or any facts suggesting de-anonymization); *Posadas v. Goodyear Tire & Rubber Co.*, No. 23-CV-0402-L-DDL, 2024 WL 5114133, at *4 (S.D. Cal. Dec. 13, 2024) (finding that Plaintiff's "generalized and conclusory allegations that Session Replay technology is capable of capturing private data" was insufficient to assert that Plaintiff suffered a concrete injury); *Hughes v. Vivint, Inc.*, No. CV 24-3081-GW-KSX, 2024 WL 5179916, at *1 (C.D. Cal. July 12, 2024) (finding no standing where plaintiff failed to allege basic facts about her interaction with the website).

Plaintiff never alleges that Google was configured to collect the same information in October 2024, nor does he allege that the Website *requires* visitors to enter a name, location or treatment type during booking. Thus, there is no plausible allegations suggesting that Smile's Website collected any information about Plaintiff (let alone private information) during his alleged October 2024 visit.

And to be sure, a plausible allegation that specific treatment information was disclosed to Google is necessary to establish an injury-in-fact, because the alleged disclosure of generic contact information or browsing information is not sufficient to implicate a cognizable privacy interest. ECF No. 1 at ¶¶ 13, 60, 75–77, 84–95 (general allegations that Google collects appointment data (city, state, and generic service categories) and/or technical identifiers (IP address, device information, browser data, and pseudonymous user IDs)); *see, e.g.*, *Khamooshi I*, 786 F. Supp. 3d at 1179 (finding that disclosure of IP addresses, browser and device data, and other identifying information doesn't rise to a privacy injury); *Lien v. Talkdesk, Inc.*, No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) ("The information allegedly intercepted by [defendant]—the plaintiffs' phone numbers and questions they asked about store hours, events, and products carried by the retailers—is simply not private or personal enough to confer standing[.]"); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022) (disclosure of email addresses, phone numbers, gaming usernames, gaming passwords, Facebook

usernames, and dates of birth did not implicate a protectible privacy interest); *Hughes*, 2024 WL 5179916, at *3–5 (routing, device, and browser information insufficient).

All that is left is rhetorical pleading and conclusory labels. Courts have repeatedly held that these types of allegations are insufficient to demonstrate Article III standing. *See Mikulsky*, 682 F. Supp. 3d at 862–65 (the Court was unable "to determine whether Plaintiff has a protectable privacy interest" when plaintiff failed to identify the information allegedly collected); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *2 (C.D. Cal. Apr. 5, 2023) (dismissing where plaintiff failed to identify what specific information she disclosed that implicated a protectible privacy interest). As in *Mikulsky*, Plaintiff's allegations similarly fail to implicate a protectible privacy interest where he relies on regulatory terms instead of alleging what was actually disclosed. Article III requires the latter.

b. Assuming Collection, Only Anonymous Information Alleged

Plaintiff fails to plausibly allege an interaction with Smile's Website that led to the collection of *his identifiable* information. Accordingly, the Complaint fails to plead specific facts establishing that Smile or Google de-anonymized Plaintiff's session, identified him as a real person, or linked any treatment-specific information to his identity.

### 3. Plaintiff Fails to Allege any Fairly Traceable Injury

Next, even if Plaintiff was able to demonstrate the collection of cognizably private information (he cannot), he has also failed to plausibly allege a fairly traceable injury. The only injury alleged is that he received "targeted advertisements." [ECF No. 1 at ¶ 12]. However, Plaintiff provides no description of these advertisements or how they were "targeted" based on information he provided on Smile's Website. Thus, Plaintiff fails to draw any plausibly nexus between information allegedly disclosed to Google and the alleged targeted advertisements.

#### 4. Plaintiff Lacks Standing to Seek Injunctive Relief

Finally, Plaintiff also lacks standing to seek injunctive relief. [ECF No. 1 at ¶¶ 23–24, 112, 176, i ("injunctive relief as pleaded or as the Court may deem proper")]. Plaintiff does not—and cannot—allege "a sufficient likelihood that he will again be wronged in a similar way," as required for standing to pursue injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Plaintiff is now indisputably aware of Smile's alleged use of the Google tracking technologies, as evidenced by his Complaint. Any future use of Smile's Website in light of this knowledge will constitute consent. Accordingly, Plaintiff lacks standing to pursue injunctive relief. *See Jones v. Peloton Interactive, Inc.*, 720 F. Supp. 3d 940, 951–52 (S.D. Cal. 2024) (dismissing injunctive relief claim for lack of Article III standing because plaintiff "now has notice of Defendants' use of" the website tool and her future use of the website "would constitute consent").

### B. PLAINTIFF'S CLAIMS ALSO FAIL UNDER RULE 12(b)(6)

Even if Plaintiff has Article III standing, each of Plaintiff's claims independently fail under Rule 12(b)(6):

- Plaintiff's CIPA claims fail because: (a) they are time-barred, and (b) Plaintiff fails to allege the essential elements of a §§ 631 and 632 claim.
- Plaintiff's ECPA claim fails because: (a) he was a party to the communication allegedly intercepted, (b) he consented to the alleged interception by Google, (c) the "crime-tort exception" does not apply, and (d) he fails to allege interception of "content" information.
- Plaintiff's common law invasion of privacy claim fails because he does not allege: (a) an intrusion upon protected private information, and (b) an intrusion that is highly offensive, constituting an "egregious breach of social norms."

#### 1. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to "state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678). "On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 2672113, at *1 (N.D. Cal. Jan. 19, 2017) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). However, the Court need not assume the truth of legal conclusions merely because they are pleaded in the form of factual allegations. *Iqbal*, 556 U.S. at 677–79; *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]" *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see Esparza v. Gen Digital Inc.*, No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) at *2 ("The court, however, need not accept as true a legal conclusion couched as a factual allegation." (internal quotations omitted)).

**2. Plaintiff Fails to Allege a Plausible CIPA Claim**

Plaintiff's CIPA claims fails as a matter of law because they are time-barred under CIPA's one-year statute of limitations.

Plaintiff's CIPA § 631(a) claim under clause four (aiding and abetting eavesdropping by Google) fails because: (a) Plaintiff fails to allege facts demonstrating criminal aiding and abetting by Smile, and (b) facts demonstrating each of the substantive elements of a § 631(a) eavesdropping violation by Google.

Plaintiff's CIPA § 632 claim fails because: (a) § 632 does not apply to the internet, (b) Plaintiff does not plausibly allege a "confidential communication" within the meaning of § 632, and (c) Plaintiff does not allege facts showing any actionable eavesdropping or recording.

a. Plaintiff's CIPA Claims are Time-Barred

The statute of limitations for a CIPA claim is one year. Cal. Civ. Proc. Code § 340(a). While Plaintiff filed his Complaint on December 3, 2025, [*See* ECF No. 1], his alleged interaction with Smile's Website occurred more than a year prior, in October 2024, [*Id.* at ¶ 10]. Accordingly, Plaintiff's CIPA claims are facially barred under the statute of limitations.

Plaintiff, acknowledging that these claims are time-barred, attempts to plead an extension of the limitations period under the discovery rule. [*Id.* at ¶¶ 99–106]. For the discovery rule to apply, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). Plaintiff fails both elements.

Plaintiff's own allegations belie any claim that he could not have discovered the alleged interception within the statute of limitations. By his own allegations, the alleged interceptions occurred publicly on the internet through HTTP get requests. [ECF No. 1 at ¶ 89 (fig. 1 and 2)]. And Smile's use of Google's Tracking Technologies was plainly disclosed in Smile's public privacy policy in October 2024.[3] Finally, Plaintiff claims that he "began receiving targeted advertisements for similar products and services" after his alleged visit to the Website in October 2024. [ECF No. 1 at ¶¶ 10, 12]. If Plaintiff actually believes these advertisements were connected to his October 2024 Website visit, the alleged violation should have been apparent to Plaintiff shortly thereafter with reasonable inquiry.

Plaintiff also pleads no facts explaining how he was allegedly delayed in discovering the recording by Google. California courts are clear that the delayed

[3] *See* Oct. 3, 2024 Web Archive Capture Smile's Website Privacy Policy, available at: https://web.archive.org/web/20241003160028/https://www.brightnow.com/privacy-policy/#TOCLocation_4b (last accessed Feb. 16, 2025) ("C. Tracking Technologies. Google provides tools to allow you to opt out of the use of certain information collected by Google Analytics . . .").

discovery rule is not presumed and is not satisfied by vague allegations that a plaintiff learned of the injury "later." It requires specific pleading of both the **time and manner** of discovery and an explanation as to why earlier discovery was not possible with reasonable diligence. *Fox*, 35 Cal. 4th at 808. Courts routinely reject delayed discovery arguments where a plaintiff fails to plead these elements with specificity, particularly where the alleged injury would have been immediately apparent. *See, e.g., Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1158 (N.D. Cal. 2023) (rejecting delayed discovery where plaintiff failed to plead the time and manner of discovery and did not allege why earlier discovery was not possible despite reasonable diligence); *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1018–19 (C.D. Cal. 2020) (same). Because the delayed discovery rule does not apply, Plaintiff's CIPA claims are time-barred.

b. <u>Plaintiff Fails to State a Claim Under Any Clause of § 631(a)</u>

Even if the Court were to conclude that Plaintiff's CIPA claims are not time barred, they independently fail on the merits. Section 631(a) provides for four distinct violations: (1) intentional wiretapping; (2) willfully reading "the contents or meaning" of a communication in transit over a wire without consent ("eavesdropping"); (3) attempting to use or communicate information obtained as a result of engaging in either of the previous two activities, or (4) aiding and abetting a violation under any of the previous clauses. Cal. Pen. Code § 631(a); *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985).

The first three clauses do not apply. To show a violation under Clause Four, Plaintiff must alleged acts showing that: (a) Smile criminally aided and abetted (b) a Clause Two eavesdropping violation by Google. Plaintiff fails both elements.

*(i) Plaintiff Fails to Allege a Violation of § 631(a)'s First Three Clauses*

<u>Clause One</u>. Section 631(a)'s first clause does not apply to the internet. *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135–36 (E.D. Cal. 2021) (finding that

§ 631(a)'s first clause did not apply since the conduct dealt with the use of the computer function of an iPhone, not the phone).

<u>Clause Two</u>. Plaintiff cannot allege a direct Clause Two Eavesdropping claim against Smile because (like ECPA) it has a party exception that exempts liability for the parties to the communication. *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831–32 (N.D. Cal. 2021); *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 845 (N.D. Cal. 2017). Plaintiff acknowledges that Smile is a party to the communication. [*See, e.g.*, ECF No. 1 at ¶¶ 147–48].

<u>Clause Three</u>. A Clause Three violation is dependent on underlying violation of Clause One or Two. *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1123 (C.D. Cal. 2024). Plaintiff's Clause Three violation fails for the reasons above.

*(ii) Plaintiff Fails to Allege a Violation of § 631(a) Clause Four*

Plaintiff fails to allege a claim under Clause Four because (a) he fails to allege facts demonstrating criminal aiding and abetting by Smile, and (b) an underlying Clause Two violation by Google.

<u>Aiding and Abetting</u>. Plaintiff fails to allege facts demonstrating that Smile "aid[ed], agree[d] with, employ[ed], or conspire[d]" with Google to commit an underlying violation. Cal. Penal Code § 631. "CIPA is a criminal statute," *Doe*, 2025 WL 2971090, at *1, and "aiding" requires knowledge of the unlawful purpose and intent to facilitate it. *See People v. Lee*, 31 Cal. 4th 613, 624 (2003); *Esparza v. UAG Escondido A1 Inc.*, No. 23-cv-0102, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024) (applying common law definition of aiding and abetting to § 631(a) claim); *Rodriguez v. Ford Motor Co.*, No. 3:23-cv-00598, 2024 WL 1223485, at *14–15 (S.D. Cal. Mar. 21, 2024) (applying criminal law definition of aiding and abetting to § 631(a) claim). Thus, alleging aiding and abetting under § 631 requires factual allegations that "support a plausible inference that [Smile] had knowledge of [Google's] unlawful conduct," and that "[Smile] acted with the requisite intent to

***substantially aid*** such conduct." *Smith v. Yeti Coolers, LLC*, No. 24-cv-01703-RFL, 2025 WL 877127, at *2 (N.D. Cal. March 14, 2025) (emphasis added); *Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601-SVK, 2025 WL 2939229, at *17 (N.D. Cal. Oct. 16, 2025) (following *Smith*).

*Esparza* is directly on point. 2024 WL 559241, at *6. In *Esparza*, the plaintiff brought a § 631(a) claim against a car dealership based on its use of third-party chat software, asserting that the software provider intercepted messages. *Id.* at *1–2. The plaintiff alleged that the dealership "aided" the software provider merely by embedding the provider's code on its website. *Id.* The court held that embedding third-party code does not plausibly plead the agreement or intent required under Clause Four and dismissed the claim. *Id.* at *6. Plaintiff's claim here fares no better. Nothing in the Complaint alleges that Smile knew that Google intended to violate § 631(a) or that Smile had any agreement with Google to facilitate an unlawful interception. [ECF No. 1 at ¶¶ 148–50]. Plaintiff therefore fails to state a claim under § 631(a)'s fourth clause.

Plaintiff fails to allege an underlying Clause Two violation by Google. To demonstrate eavesdropping under CIPA § 631(a), Plaintiff must plausibly allege that Google (a) "willfully" read, (b) "the contents or meaning" of his communication with Smile, (c) without consent, while (d) "in transit." Cal. Pen. Code § 631(a). Plaintiff fails every element:

<u>Content</u>. Plaintiff's Complaint contains no plausible allegations showing that Google read or attempted to read the "contents" or meaning of a communication within the meaning of § 631(a). The "contents" of a communication means "the substance, purport or meaning of [an alleged] communication"—i.e., the "intended message conveyed by the communication"—as distinct from "record information regarding the characteristics of the message that is generated in the course of [that] communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (addressing similar federal Wiretap Act); *see also Hammerling v. Google LLC*, 615

F. Supp. 3d 1069, 1092–93 (N.D. Cal. 2022) (holding that analysis of the "contents" of a communication for a CIPA violation is the same as for the Wiretap Act); *Graham*, 533 F. Supp. 3d at 833 (finding that the "'contents' of a communication under CIPA and the federal Wiretap Act are the same"). Courts have found that the "substance, purport, or meaning" of a communication includes chat transcripts or URLs that reveal sensitive personal information or search terms. *E.g.*, *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 945–47 (S.D. Cal. 2024); *Byars v. Goodyear Tire and Rubber Co.*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023). By contrast, record information (not governed by § 631(a)) includes, among other things, "a person's name [and] address" as well as "pages viewed, […] the date and time of the visit, […] Plaintiff's IP address, […] location, […] browser type, and the operating system[.]" *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021); *see also Hammerling*, 615 F. Supp. 3d at 1092–93 (citing *Zynga*, 750 F.3d at 1104, 1108–09). These pieces of record information do not constitute message content in the same way that the words of a text message or an email do. *Yoon*, 549 F. Supp. 3d at 1083.

As explained in §§ III.A.2, *supra*, Plaintiff does not allege any facts relating to his alleged interaction with Smile's Website that would demonstrate what information was allegedly disclosed to Google during his booking (let alone that it was content information). Again, he does not allege that he input any content information (*e.g.*, his conditions, any communication to Smile, and/or the type of treatment sought).

Setting aside Plaintiff's conclusory allegations of PHI, PII and "sensitive health information," the information that Plaintiff alleges that Smile "aids" or "enables" Google to obtain constitutes only "record information" and not the "contents" of any communication. Plaintiff specifically alleges that Google received his "appointment category" (e.g., dental-related service), along with associated routing and device data, including "IP address," "browser type," "device identifiers,"

and the URLs associated with his appointment request. [ECF No. 1 at ¶¶ 6, 8, 10, 11, 26, 27, 37, 60, 62–65, 75, 77, 88, 91–92, 94–95]. Plaintiff further alleges that Google received the "city and state the appointment is in and the service selected," [*id.* at ¶ 89], which again reflects generic appointment data, not the content of any user-generated communication. Plaintiff then conclusory labels this information as "PII" and "PHI," asserting that disclosure of his "appointment category and device information" allowed Google to infer "health-related interests" tied to dental care. [*Id.* at ¶¶ 6–8, 11, 88, 91, 103–04]. That is not message content. It is routine data generated when a user navigates a website, which is more akin to record information. The case law is clear: such information is "record information" that cannot support a § 631(a) wiretapping claim. *See Hammerling*, 615 F. Supp. 3d at 1092–93 ("Generally, customer information such as a person's name, address, and subscriber number or identity is record information[.] […] Similarly, URLs are record information when they only reveal a general webpage address and basic identification information[.]"); *Zynga*, 750 F.3d at 1106 (holding that general webpage addresses and basic identification information are record information); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (usernames, passwords and location are not communication "contents" under § 631(a)).

Willfully Reading. To meet this prong, Plaintiff must allege that Google actually read or attempted to read the contents of his communications with Smile. *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *1 (9th Cir. July 9, 2025) (CIPA ¶ 631(a)'s "second clause [. . .] requires that Salesforce read or attempted to read *her* chat message" (emphasis in original)). Not only does Plaintiff lack a plausible interaction with Smile's Website, Plaintiff also fails to allege facts demonstrating that Google actually read information that was intercepted.

Without Consent. Liability under § 631(a) requires that the alleged acquisition occur "without the consent of all parties." Cal. Pen. Code § 631(a). As explained in § III.B.2.b, *supra*, Plaintiff's own allegations establish that Smile intentionally

deployed the challenged technology on its Website, which forecloses any claim that the alleged acquisition occurred without consent of a party to the communication.

In Transit. Section 631(a) applies only if the interception occurs during the "narrow window" in which the communication is in transit. *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014). A plaintiff must allege that the interception occurred "in transit [. . .] or is being sent from, or received at any place within California." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021). Plaintiff fails to allege facts demonstrating a real time interception. Further, Plaintiff does not allege that he was in California during his alleged October 2024 website visit or state any facts that would demonstrate that the alleged interception occurred in California.

c. Plaintiff's CIPA § 632 Claim Fails

Section 632 provides liability for a "person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, [...] by means of a telegraph, telephone, or other device, except a radio[.]" Plaintiff's § 632 claim fails for three reasons, as explained below.

*(i) CIPA § 632 Does Not Apply to the Internet*

Courts interpreting CIPA § 632 have held that they do not extend to routine internet interactions. *See, e.g.*, *SelectQuote Ins. Servs.*, 2024 WL 3881850, at *11 (joining the majority of courts concluding § 632 does not apply to internet communications). Ordinary website activity, including passive data collection during a site visit, falls outside the scope of § 632 and does not constitute the type of confidential communication the statute was designed to regulate.

*(ii) No Confidential Communication Alleged under § 632*

Plaintiff does not and cannot allege he engaged in "confidential communications," within the meaning of § 632. A communication is confidential under § 632 only if a party has an objectively reasonable expectation that the

conversation is not being overheard or recorded. *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 798; *Rodriguez*, 2021 WL 2026726, at *7. This depends on the context of the circumstances of the "actual conversation, not its content." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774, 776–77 (2002).

Multiple California federal courts have "developed a presumption" that commercial "Internet-based communications are not 'confidential' within the meaning of [§] 632, because such communications can easily be shared." *Swarts*, 689 F. Supp. 3d at 746–47 (dismissing § 632 claim where the plaintiff claimed her "confidential" chat conversation over the Internet was recorded by Home Depot's third-party service provider); *see also Thomas v. Papa John's Int'l, Inc.*, No. 22CV2012 DMS (MSB), 2024 WL 2060140, at *4 (S.D. Cal. May 8, 2024) (dismissing § 632 claim based on website or email communications); *Rodriguez*, 2021 WL 2026726, at *7 (dismissing § 632 claim based on communications with third-party apps); *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (dismissing § 632 claim based on Internet-based browsing activity and form field entries); *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (dismissing a § 632 claim for failure to plausibly allege that Facebook social media messages were "confidential" under the statute).

Where, as here, alleged internet communications are involved, "plaintiffs must plead unique, definite circumstances rebutting California's presumption against online confidentiality." *Rodriguez*, 2021 WL 2026726, at *7. Plaintiff fails to allege facts sufficient to establish that his "internet-based" communications with the website were "confidential."

Plaintiff alleges no such "unique, definite circumstances." Instead, he alleges only that, while interacting with Smile's Website, Google collected routine information such as his IP address, page URLs, and appointment-related clicks—information courts have repeatedly held does not constitute a "confidential communication." *E.g.*, *Revitch*, 2019 WL5485330, at *3 (dismissing claim because

plaintiff "cannot allege that his browsing activity and form field entries fall within the scope of confidential communications protected by section 632"); *Thomas*, 2024 WL 2060140, at *4 ("[A] number of courts have found ['mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), [and] URLs of web pages visited'] [are] not something over which a consumer has an objectively reasonable expectation of privacy.").

*(iii) Plaintiff Fails to Allege Eavesdropping or Recording*

An independent deficiency is Plaintiff's failure to sufficiently allege that Smile eavesdropped upon or recorded his purportedly "confidential" communications. [ECF No. 1 at ¶¶ 159–60]. While the Complaint recites that Smile "used" an electronic recording device to eavesdrop upon and record Plaintiff's communications, those allegations are entirely conclusory. [*Id.*]. The Complaint pleads no facts showing that Smile itself operated any recording or eavesdropping device, or that it independently intercepted any communications, as opposed to embedding third-party tracking tools on the Website. Under § 632, "a party cannot 'eavesdrop' on their own conversation," *Turner v. Nuance Commc'ns, Inc.*, No. 22-CV-05827-DMR, 2024 WL 2750017, at *8 (N.D. Cal. May 28, 2024), and website interactions are "by their very nature, recorded," *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1122 (S.D. Cal. 2023).

Section 632 does not expressly provide for the same derivative liability found in § 631(a), so under the doctrine of avoiding surplusage, the grammatical reading where such language is absent is that § 632 does not provide for the same aiding and abetting liability. *See Abbie v. Shasta Cnty.*, No. 2:20-cv-01995, 2023 WL 4274135, at *5 n.3 (E.D. Cal. June 29, 2023). Even if § 632 does permit Plaintiff to bring a claim for allegedly aiding and abetting Google's purported § 632 violation, this claim necessarily fails for the same reasons that Plaintiff's aiding and abetting claim under § 631(a) fails—i.e., Plaintiff does not establish Defendant's agreement or intent to aid any alleged eavesdropping or recording. *See* § III.B.2.b.ii, *supra*.

That Plaintiff alleges Google unlawfully used the data collected from the Website does not alter the dispositive fact that Smile did not knowingly agree or implement Google's tracking tools for the purpose of violating § 632. *See Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024). Plaintiff fails to allege any knowing agreement or employment of Google to violate § 632, providing an independent basis for dismissal.

**3. Electronic Communications Privacy Act – 18 U.S.C. § 2511**

The ECPA makes it unlawful to intentionally intercept a wire, oral, or electronic communication; to use a device for such interception; or to disclose or use the contents of a communication knowing it was unlawfully intercepted. *See* 18 U.S.C. § 2511(1). A "party" to a communication is exempt from liability unless that party intercepted the communication "for the purpose of committing any criminal or tortious act," often referred to as the "crime-tort exception." 18 U.S.C. § 2511(2)(d); *see also B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1064–65 (C.D. Cal. 2024). Plaintiff's ECPA claim fails because: (a) Defendant was a party to the communication allegedly intercepted, (b) Defendant consented to the alleged interception, (c) the "crime-tort exception" does not apply, and (d) he fails to allege interception of "content" information.

a. <u>ECPA's Party Exception Applies</u>

ECPA's party exception bars Plaintiff's claim. Courts have held that the party exception applies to a defendant's website where the plaintiff asserts an ECPA claim based on the alleged interception by use of third-party technology on the website. *See, e.g., In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (holding that the ECPA "contain[s] an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not."); *Eisenhower Med. Ctr.*, 2024 WL 878100, at *5 ("It is clear from Plaintiffs' Complaint that Defendant was a party to Plaintiffs' Website communications, and Plaintiffs do not dispute this contention."); *Doe v. Kaiser Found. Health Plan, Inc.*,

No. 23-CV-02865-EMC, 2024 WL 1589982, at *8 (N.D. Cal. Apr. 11, 2024) (noting that "plaintiff does not dispute" that the hospital was a party to the communication).

Because Smile was a party to the communications that Plaintiff alleges were unlawfully intercepted, Plaintiff's ECPA claim fails as a matter of law.

b. Defendant Consented to the Tracking Technologies on the Website

Further, the ECPA makes clear that liability will only attach to an interception when ***none of the parties*** to the communication have consented. *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 135 (3d Cir. 2015) ("[O]rdinarily, no cause of action will lie against a private person [… '] where one of the parties to the communication has given prior consent to such interception.'"); *In re Grp. Health Plan Litig.*, No. 23-CV-267 (JWB/DJF), 2023 WL 8850243, at *7 (D. Minn. Dec. 21, 2023) (holding that if the defendant is the intended recipient of a communication, "then they are 'necessarily one of its parties' and 'have done nothing unlawful under the Wiretap Act[.]'").

Clearly, one of the parties to the communication—Smile—consented to the use of tracking technologies on the Website. Plaintiff himself alleges that "Defendant chose to embed Google's tracking technologies […] on the Website." [*See, e.g.*, ECF No. 1 at ¶ 15].

c. The ECPA's "Crime-Tort" Exception Does Not Apply

Lastly, Plaintiff has not identified a single crime or tort separate and independent from Smile's alleged interception of the communications. To invoke the crime-tort exception, a plaintiff must plead sufficient facts to establish that the defendant: (1) committed a tortious or criminal act; (2) intercepted the communication for the purpose of a tortious or criminal act, and (3) the tortious or criminal act was independent of the intentional act of recording or interception itself. *See Nienaber v. Overlake Hosp. Med. Ctr.*, 733 F. Supp. 3d 1072, 1094–96 (W.D. Wash. 2024); *Saedi v. SPD Swiss Precision Diagnostics GMBH*, No. 2:24-cv-06525,

2025 WL 1141168, at *13 (C.D. Cal. Feb. 27, 2025).

As this District Court explained in *Wright*, an alleged HIPAA violation is insufficient to demonstrate a tortious or criminal act. *Wright*, 2025 WL 3248749, at *2; *see also Kaiser*, 2024 WL 1589982, at *10; [ECF No. 1 at ¶¶ 135–37 (alleging that Defendant violated 42 U.S.C. § 1320d-6(a)(3) of HIPAA by "disclosing individually identifiable health information […] to a third party" for financial gain)]. Rather, the alleged crime must be "independent of the intentional act of recording or interception itself." *Wright*, 2025 WL 3248749, at *2. Here, Plaintiff alleges that the use of tracking technologies to capture and transmit patients' PHI to Google constitutes both an "interception" under the ECPA and a wrongful disclosure in violation of HIPAA. [*See* ECF No. 1 at ¶¶ 8, 9, 11, 33, 92, 132, 135, 137].

Courts addressing the same kind of website tracking allegations have similarly rejected efforts to create an independent predicate offense where the complaint does not plausibly allege the disclosure of PHI or the contents of any communication. *See, e.g., Wright*, 2025 WL 3248749, at *2–4 (dismissing ECPA and CIPA claims where alleged tracking reflected only searches, page views, and identifying data, which constitute record information rather than protected "contents," and holding that mere website use does not establish PHI). Without factual allegations tying the plaintiff to specific health-related information or messages, such conduct cannot supply the separate criminal or tortious act required to invoke the crime-tort exception.

Plaintiff also does not allege and cannot allege facts demonstrating the second element: that Smile intercepted his communication "for the purpose of committing" an underlying "criminal or tortious act." *Deteresa v. Am. Broad. Companies, Inc.*, 121 F.3d 460, 466–67 (9th Cir. 1997) (quoting 18 U.S.C. § 2511(2)(d)). As Plaintiff repeatedly alleges, "Google is one of the most valuable publicly traded companies in the world" because it "make[s] money" from "advertising products [that] deliver relevant ads at just the right time," generating billions in advertising revenue. [ECF No. 1 at ¶¶ 52–53]. Plaintiff further alleges that Google uses data intercepted through

its tracking technologies "to improve its own products and services," "develop new" analytics and advertising offerings, and "assist with data analytics and targeted advertising." [*Id.* at ¶¶ 72, 80–81]. According to Plaintiff, the tracking technologies enable Google to identify users and "utilize[] such information through targeted advertising." [*Id.* at ¶¶ 69–70, 78].

Numerous courts have held that monetizing user data, improving advertising efficiency, or reducing costs does not constitute criminal or tortious endeavors. *See, e.g., Zarif v. Hwareh.com, Inc.*, 789 F. Supp. 3d 880, 895 (S.D. Cal. 2025) (explaining that a plaintiff must allege the defendant's "primary motivation or a determining factor" was to injure tortiously, and that a profit-motivated advertising purpose does not satisfy the exception); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) ("Multiple courts in this district have found that the crime-tort exception to the Wiretap Act is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously."). Accordingly, the crime-tort exception does not apply.

d. Plaintiff Does Not Allege Interception of "Content" Information.

As set forth in §§ III.A.2, *supra*, and III.B.2.b.ii, *supra*, Plaintiff does not allege interception of any communication "contents," defeating the ECPA claim. *See In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935, 949 (N.D. Cal. 2022).

**4. Plaintiff Fails to State a Constitutional Invasion of Privacy Claim**

A California constitutional invasion of privacy claim requires plaintiff to show that (1) he possesses a legally protected privacy interest, (2) he maintains a reasonable expectation of privacy, and (3) the intrusion constitutes a serious invasion of the protected privacy interest. *Doe v. Cnty. of San Diego*, 2024 WL 946958, at *4 (S.D. Cal. Mar. 5, 2024).

***First***, Plaintiff fails to allege an invasion into information in which he had a reasonable expectation of privacy for the reasons discussed above. Courts assess a

reasonable expectation of privacy based on the "customs, practices, and physical settings" surrounding a particular defendant's activities. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 36 (1994). Website operators "routinely embed content from third-party servers [...] through their use of analytics tools, advertising networks, code libraries and other utilities." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d at 846. Plaintiff cannot plausibly allege a reasonable expectation of privacy based on data that he voluntarily provided for routine commercial purposes. Plaintiff's labeling of basic appointment and browsing information, as well as device details, as "PHI" or "PII" does not change the fact that the information is insufficient to establish a legally protected interest.

***Second***, Plaintiff fails to allege an intrusion that was an "egregious breach of social norms." [ECF No. 1 at 162–76]. The "California Constitution and the common law set a high bar for an invasion of privacy claim." *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). The bar is so high that "[e]ven disclosure of personal information, including social security numbers" ... "does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Id*. And courts have found the constitutional privacy standard satisfied only in extreme or highly sensitive contexts, such as the police's dissemination of gruesome photographs of a deceased victim or the improper disclosure of a patient's HIV status. *See, e.g., Catsouras v. Dep't of Cal. Highway Patrol,* 181 Cal. App. 4th 856 (2010); *Urbaniak v. Newton,* 226 Cal. App. 3d 1128 (1991).

However, Courts routinely hold that third-party data collection and disclosure are ordinary commercial behavior, not serious privacy intrusions. *See Low*, 900 F. Supp. 2d at 1025 (holding that defendant's disclosure of users' browser history to third parties was not highly offensive); *In re Google, Inc. Privacy Pol'y Litig.,* 58 F. Supp. 3d 968, 973–74, 985, 988 (N.D. Cal. 2014) ("Courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms;"

standard not met for sharing "personal identifying information, browsing habits, search queries, responsiveness to ads, demographic information, declared preferences and other information"); *Hayden v. Retail Equation, Inc.*, 2022 WL 2254461, *7 (C.D. Cal. May 4, 2022) ("Courts have recognized that businesses' collection and disclosure of personal information for business purposes do not constitute a violation of social norms but are rather "routine commercial behavior.").

In sum, Plaintiff's allegations that Smile's Website allegedly collected routine appointment, browsing, or device information for ordinary commercial purposes does not constitute a "highly offensive" intrusion or a "serious" invasion of a protected privacy interest. *See Hill*, 7 Cal. 4th at 37; [ECF No. 1 at ¶¶ 9, 11–13, 15, 51, 60, 63–64, 68, 75, 89–91]. This standard requires Plaintiff to plausibly allege public disclosure of highly sensitive information, improper use, or conduct grossly departing from ordinary internet practices. *See Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 465 (9th Cir. 1997) (egregious conduct turns on motive, context, and prevailing social norms). This Court should dismiss this claim because Plaintiff failed to allege facts showing any highly offensive conduct. *See Hammerling v. Google LLC*, 2022 WL 17365255, at **8-9 (N.D. Cal. Dec. 1, 2022).

## IV. CONCLUSION

This Court should dismiss Plaintiff's Complaint with prejudice.

Dated: February 16, 2026

CLARK HILL LLP

By: /s/ *Myriah V. Jaworski*
Myriah V. Jaworski

*Attorney for Defendant Smile Brands Inc. dba Bright Now! Dental & Orthodontics*