CLARK HILL LLP
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Matthew R. Mejia (SBN 330028)
mmejia@clarkhill.com
350 Tenth Avenue, Suite 1200
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Smile Brands Inc dba Bright Now! Dental & Orthodontics*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANNER HERZMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILE BRANDS INC. d/b/a BRIGHT NOW! DENTAL & ORTHODONTICS,<br><br>Smile. | Case No. 25-cv-3400-H-BLM<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>[Filed concurrently with Request for Judicial Notice and Declaration of Myriah V. Jaworski in support of Defendant's Request for Judicial Notice]<br><br>Hearing Date: April 20, 2026<br>Time: 10:30 a.m.<br>Ctrm: 12A<br>Judge: Hon. Marilyn L. Huff<br><br>Complaint Filed: 12/03/2025 |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. PLAINTIFF LACKS ARTICLE III STANDING ..... 2

B. PLAINTIFF'S CIPA CLAIMS ARE TIME BARRED ..... 4

C. PLAINTIFF'S § 631(a) AIDING & ABETTING CLAIM FAILS ..... 5

D. FAILURE TO ALLEGE SECOND PRONG VIOLATION ..... 6

E. PLAINTIFF FAILS TO STATE A CLAIM UNDER CIPA § 632 ..... 8

F. NO CONSTITUTIONAL INVASION OF PRIVACY ..... 9

G. PLAINTIFF'S ECPA CLAIM FAILS AS A MATTER OF LAW ..... 10

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.S. v. SelectQuote Ins. Servs.*,
2024 WL 3881850 (S.D. Cal. Aug. 2024) .......... 8

*Benitez v. Cnty. of San Diego*,
2026 WL 252373 (S.D. Cal. Jan. 30, 2026) .......... 10

*Botosan v. Paul McNally Realty*,
216 F.3d 827 (9th Cir. 2000) .......... 9

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .......... 3

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 3

*D'Angelo v. FCA US, LLC*,
726 F. Supp. 3d 1179 (S.D. Cal. 2024) .......... 1, 5

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 6

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) .......... 7

*Erceg v. LendingClub Corp.*,
475 F. Supp. 3d 1071 (N.D. Cal. 2020) .......... 8

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 3761293 (S.D. Cal. Aug. 2024) .......... 6

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 2, 10

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) .......... 8

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797, 808 (2005) .......... 4

*Gaige v. Exer Holding Co., LLC*,
2025 WL 559719 (C.D. Cal. Jan. 2025)........ 4

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024)........ 7

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal.4th 1 (1994)........ 10

*Jones v. Tonal Systems, Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024)........ 6

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. May 2025)........ 3

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025)........ 7

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023)........ 8

*Licea v. Vitacost.com, Inc.*,
683 F. Supp. 3d 1118 (S.D. Cal. 2023)........ 9

*Mata v. Zillow Grp., Inc.*,
2024 WL 5161955 (S.D. Cal. Dec. 2024)........ 6

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022)........ 9

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023)........ 2

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)........ 2, 3

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024)........ 7

*Ramirez v. LasikMD USA, Inc.*,
2026 WL 194855 (C.D. Cal. 2026)........ 2

*Ramirez v. LasikMD USA, Inc.* (Feb. 21, 2025)
(Case No.: 24-cv-2221-CAB-DDL)........ 3

*Rodriguez v. Ford Motor Co.*,
2024 WL 4957566 (S.D. Cal. Dec. 2024) ........ 6

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 2021) ........ 8

*Saleh v. Nike, Inc.*,
562 F. Supp. 3d 503 (C.D. Cal. 2021) ........ 10

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........ 6, 9

*Spokeo, Inc. v. Robbins*,
578 U.S. 330 (2016) ........ 2

*St. Aubin v. Carbon Health Techs., Inc.*,
2024 WL 4369675 (N.D. Cal. Oct. 1, 2024) ........ 6

*Thomas v. Papa John's Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 2024) ........ 8

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........ 2

*Turner v. Nuance Commc'ns, Inc.*,
735 F.Supp.3d 1169 (N.D. Cal. May 2024) ........ 9

*United States v. Jesenik*,
702 F. Supp. 3d 1024 ........ 9

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ........ 8

*Vickery v. SD Bullion, Inc.*,
2026 WL 146625 (S.D. Cal. Jan. 20, 2026) ........ 10

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) ........ 7

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010) ........ 5

**Statutes**

18 U.S.C. § 2511(2)(d) ........ 10

California Penal Code § 31 .......... 8

California Penal Code § 631(a) .......... 5, 6

California Penal Code § 632 .......... 8, 9

California Penal Code § 632.7 .......... 8

Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.* .......... 10

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......... 1

**Constitutions**

U.S. Const., Article III .......... 1, 2, 3

# I. INTRODUCTION

Under every measure, Plaintiff's Complaint must be dismissed: it is time-barred, fails to demonstrate Article III standing, and fails as matter of law. First, the Opposition fails to show how the Complaint makes a threshold showing of Article III standing. [*See* Opposition ("Opp.")]. Despite rote assertions that Smile disclosed "PHI" and a "specific dental treatment," Plaintiff never points to well pled factual allegations demonstrating that he actual input that information into Smil's website so that it could be transmitted to Google. That failure is dispositive. Because Plaintiff alleges only the disclosure of routine, non-private information, he has failed to satisfy Article III. *See* § II(A), *infra*.

Even if the Complaint could satisfy Article III, the claims are plainly time-barred. The Opposition points to no facts showing why earlier discovery of the claim was not possible, and what changed that eventually led to Plaintiff "discovering" the claim. Indeed, the claim is untenable considering that Smile's Website had, at all relevant times, a public privacy policy disclosing the use of Google Analytics. And *even if* the privacy policy allegedly made an incorrect statement about the scope of information collected, that is an issue of exceeding consent for a *disclosed* tool, not a surreptitious use of a website tracking technology that would delay discovery dispute due diligence. Plaintiff cites no cases where Courts applied the discovery rule where a defendant disclosed the use of the exact technology at issue in its website. And, courts routinely take judicial notice of websites (including the Wayback Machine) in website tracking cases. *See D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1191 (S.D. Cal. 2024). *See* § II(B), *infra*.

Finally, each of Plaintiff's claims also fails under Rule 12(b)(6) for each of the reasons set forth in Smile's motion and below. *See* § II(C)–(G), *infra*.

## II. ARGUMENT

### A. PLAINTIFF LACKS ARTICLE III STANDING

Plaintiff fails to point to a concrete injury sufficient to confer Article III standing. [Opp. at 4–8]. Plaintiff begins by arguing that a privacy injury is sufficient to satisfy Article III. [Opp. at 5]. Plaintiff misses the point. To plausibly allege a privacy injury, one must show that a privacy injury *actually occurred* through the interception of cognizably private information.

The Ninth Circuit's decision in *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) provides direction. In *Popa*, the Ninth Circuit explained that "[*TransUnion LLC v. Ramirez*, 594 U.S. 413, 424–26 (2021); *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 339–41 (2016)] contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort." *Id*. *Popa* held that the plaintiff failed to allege standing under a Pennsylvania wiretapping statute (similar to CIPA) because the plaintiff failed to explain how the tracking of her interactions with the PSP website caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id*. *Popa* also contained *In re Facebook* to its specific facts. *Id*. at 794.

Plaintiff avoids that his Complaint lacks allegations about *his* experience on Smile's website. While he alleges that the Google Analytics was *capable* of collecting "the specific dental treatment," through "Custom Events," he never alleges that he input the dental treatment sought when he allegedly made his appointment. [Opp. at 6–7 (citing Compl. ¶ 75)]. Again, the *Mikulsky v. Noom, Inc.* court stated "[t]o survive a motion to dismiss, a plaintiff must identify the 'specific personal information she disclosed that implicates a protectable privacy interest.'" 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023). Plaintiff does not do so here.

*Ramirez v. LasikMD USA, Inc.*, 2026 WL 194855 at *6–7 (C.D. Cal. 2026), does not help Plaintiff. There, the plaintiff alleged that URLs revealed a specific

LASIK consultation, thereby tying the data collection to a specific medical procedure. *Ramirez v. LasikMD USA, Inc.* (Feb. 21, 2025) (Case No.: 24-cv-2221-CAB-DDL), ECF No. 1. By contrast, Plaintiff here alleges only generalized "appointment" information and unspecified "services," which lack the specificity necessary to implicate a protectable privacy interest. [*See* Compl. at ¶¶ 8–9, 11, 26, 88–89, 92, 131–32, 164–65, 170]. Routine identifiers or website activity, such as IP addresses, device information, or browsing behavior is insufficient to implicate a privacy interest. *See, e.g.*, *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1183 (N.D. Cal. May 2025).

Even if a "loss of control" over privacy information is sufficient after *Popa*, it requires plausible allegations that his own specific, private information was disclosed by Smile. [Opp. at 9]. Here, however, Plaintiff does not allege what information he entered, what was transmitted, or that any such information was linked to him as an identifiable individual. [*See*, *generally*, Compl.]. Plaintiff's reliance on the conclusory use of HIPAA regulations does not establish Article III standing, because he does not plausible allege the interception of HIPAA covered information. [Opp. at 6]. Rather, Plaintiff alleges only categories of data and speculates Google could identify him. [Compl. at ¶¶ 8–9, 11, 26, 88–89, 92, 131–32, 164–65, 170]. But the possibility that a third party might combine data with other information does not plausibly allege that Plaintiff himself was identified. Courts consistently reject such capability-based theories of standing. *See Khamooshi*, 786 F. Supp. 3d at 1183.

Finally, Plaintiff fails to establish standing for injunctive relief. *Brown v. Google LLC* involved a developed factual record showing ongoing, plaintiff-specific data collection. 685 F. Supp. 3d 909, 926 (N.D. Cal. 2023). Here, Plaintiff alleges only a single website visit and speculate misuse Such speculation is insufficient. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). Plaintiff lacks Article III standing.

**B. PLAINTIFF'S CIPA CLAIMS ARE TIME BARRED**

The discovery rule requires Plaintiff to plead facts demonstrating both (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

First, Plaintiff points to no factual allegations in his complaint demonstrating the "time and manner" of his alleged eventual discovery. Rather, Plaintiff alleged points only to a vague and circular allegation that "the earliest that Plaintiff, acting with due diligence, could have reasonably discovered Defendant's conduct would have been shortly before the filing of the initial complaint in this matter." [Compl. ¶ 106]. But Plaintiff never explains what happened that led to his alleged discovery "shortly before filing of the initial complaint." Allegations requiring the "time and manner of discovery" are a necessary element of the discovery rule because it directly correlates as the reasonableness of Plaintiff in failing to discover the claim within statute of limitations. For example, revelation of previous concealed facts might support the discovery rule's application. On the other hand, discovery by reading a long existing privacy policy would not support a finding of diligence. Here, Plaintiff pleads nothing on this prong of the discovery rule. *Gaige* does not help Plaintiff, as it applies the same standard and allowed the claim only because the plaintiff alleged a specific discovery date and facts showing diligence. *See Gaige v. Exer Holding Co., LLC*, 2025 WL 559719, at *3 (C.D. Cal. Jan. 2025). Yet, Plaintiff does not allege a specific discovery date or diligence.

Second, Plaintiff also fails plead any facts demonstrating an "inability to have made earlier discovery despite reasonable diligence." Here again, Plaintiff relies only a conclusory allegation that he was "ignorant of information essential to pursue his claims." [Opp. at 11 (citing Compl. ¶¶ 102–04, 106)]. But there is no explanation at all as how that ignorance was reasonable or what "reasonable diligence" Plaintiff undertook throughout the statutory period. Plaintiffs cannot demonstrate an

"inability" and reasonable diligence when Defendant's Website openly disclosed the very use of technology of which Plaintiff complaints.

Each of Plaintiff's arguments regarding the privacy policy are meritless. The policy cited in the motion is the same version that was in effect in October 2024 during Plaintiff's alleged interaction, [Mot. at 11 n.3], and Smile has submitted a request for judicial notice establishing that fact, [Request for Judicial Notice ("RJN"), Exs.1–2; Jaworski Decl. ¶¶ 1–4]. And courts routinely consider website privacy policies at the pleading stage where, as here, they are central to Plaintiff's claims, *D'Angelo*, 726 F. Supp. 3d at 1191.

Plaintiff's last argument is that the Privacy Policy states that Defendant "does not sell or share your Medical or Health Information," [Opp. at 12], misses the point. The inquiry is whether Plaintiff's inability to discover was reasonable, not whether the privacy policy was allegedly inaccurate (Defendant disagrees that it was). Plaintiff cannot argue that Defendant scrumptiously using Google Analytics when its use is expressly disclosed on the Website. And even if Defendant allegedly collected Medical or Health Information through Google Analytics that would be an issue of *exceeding consent* for a *disclosed* tool, not using a secreted tool that was undiscoverable.

Plaintiff's authorities are fact-specific cases that alleged concrete discovery dates, specific concealment, and diligence. [*See* Opp. at 10 (citing out of district cases)]. Plaintiff fails to point to a single case where a court applied the discovery rule for an alleged use of a website tracker where the use of that technology was also disclosed in the privacy policy. *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010). General assertions about "hidden" technology do not satisfy that burden. *Id.* Thus, the CIPA claims are time-barred.

### C. PLAINTIFF'S § 631(a) AIDING & ABETTING CLAIM FAILS

Plaintiff argues that § 631(a) "does not include an intent standard" and conceded that Courts have struggled scienter standard for aiding and abetting. [Opp.

at 13 (quoting *St. Aubin v. Carbon Health Techs., Inc*., 2024 WL 4369675, at *7 (N.D. Cal. Oct. 1, 2024)]. For this reason alone, § 631(a) fails under the rule of lenity requires a construction that favors the defendant. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1118 (N.D. Cal. 2025) ("When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—even when the statute is being invoked in a civil action.").

Thus, courts have found *Cousin* unpersuasive, and have held that the traditional criminal intent standard provides the appropriate framework. *See Rodriguez v. Ford Motor Co.*, 2024 WL 4957566, at *10 n.4 (S.D. Cal. Dec. 2024); *Esparza v. UAG Escondido A1 Inc.*, 2024 WL 3761293, at *2 (S.D. Cal. Aug. 2024); *see also Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942–43 (N.D. Cal. 2024). As stated in Smile's motion, routine use of third-party tools does not constitute substantial assistance or knowledge of unlawful interception. [*See* Mot. at 13–14].

Plaintiff's allegations also fail under the common-law standard. *Mata v. Zillow Grp., Inc.*, 2024 WL 5161955, at *1, *6–7 (S.D. Cal. Dec. 2024), does not help Plaintiff because the Mata complaint contained detailed allegations about the technology's operation and the information captured. *Id.* Here, by contrast, Plaintiff alleges only generalized use of tracking for advertising, without facts showing knowledge or substantial assistance.

### D. FAILURE TO ALLEGE SECOND PRONG VIOLATION

Plaintiff does not sufficiently allege Google's interception of "contents." [Opp. at 14–15]. His reliance on *Jones v. Tonal Systems, Inc.* is misleading—the quoted language is from a parenthetical, not the holding. 751 F. Supp. 3d 1025, 1037–38 (S.D. Cal. 2024). In *Jones*, the court dismissed the claim because the plaintiff alleged only record information rather than user-generated message content, *Id.*, and Plaintiff does the same here by alleging only URLs, identifiers, or unspecified "information" without any actual communication content. [*See* Compl. at ¶¶ 8–9, 11, 26, 88–89, 92, 131–32, 164–65, 170].

Plaintiff also misrepresents that URLs always qualify as "contents." [Opp. at 15]. URLs qualify as "contents" only where they reflect specific user-generated queries. *See Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 837–38 (E.D. Cal. 2025); *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 902–03 (C.D. Cal. 2024). Plaintiff alleges no such URLs or content. [Compl. at ¶ 89, Fig. 1–2].

Plaintiff does not plausibly allege that Google "read" any communication. [Opp. at 15–16]. Allegations that Google "views," "processes," or uses data for advertising are consistent with non-content data and do not show reading of the substance or meaning of a communication. [*See* Compl. at ¶¶ 61–62, 73, 81, 129]. Labeling the allegations as "targeted advertising" or "real-time" does not transform non-content data into "contents."

Plaintiff does not plausibly allege lack of consent. [Opp. at 16]. Courts routinely find that privacy policy disclosures regarding cookies and tracking technologies can establish consent at the pleading stage. *See, e.g.*, *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1055–57, 1058 (N.D. Cal. 2025). Plaintiff ignores the privacy policy disclosures and relies on bare claims of non-consent, leaving out the very facts that undermine his argument. [RJN, Exs.1–2; Jaworski Decl. ¶¶ 1–4].

Plaintiff's allegations do not avoid the party exception. [Opp. at 16]. A plaintiff must allege that the third party used the specific communications at issue for independent purposes, not merely recite that it engages in advertising or analytics generally. *See Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1121–23 (C.D. Cal. 2024). Here, Plaintiff alleges none. [Compl. at ¶¶ 62–64, 68–73]. That is the kind of conclusory pleading courts reject. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 970–73 (N.D. Cal. 2023).

Plaintiff's "in transit" theory rests on labels, not facts. [Opp. at 17]. Allegations that data was transmitted "in real time" or "routed" to Google describe ordinary web functionality, not interception. Courts reject such conclusory allegations absent facts showing acquisition during transmission. *See Heiting*, 728

F. Supp. 3d at 1124–27; *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109–11 (C.D. Cal. 2023). At most, the Complaint describes post-transmission processing of data sent to Google, which is insufficient. [Compl. at ¶¶ 52–82]. Plaintiff cannot rely on "real time" or figures, as labels without factual detail do not establish contemporaneity. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758–59 (N.D. Cal. 2023). Plaintiff alleges no contents, reading, lack of consent, or in-transit interception and cannot avoid the party exception. Accordingly, the § 631(a) second prong claim fails as to Google.

**E. PLAINTIFF FAILS TO STATE A CLAIM UNDER CIPA § 632**

The *A.S. v. SelectQuote Ins. Servs.* court stated "[t]he Court joins the majority of California district courts in finding that [§] 632 does not apply to internet communications." *See* 2024 WL 3881850, at *11 (S.D. Cal. Aug. 2024). Although *SelectQuote* dealt with § 632.7, courts often uniformly interpret § 632.7 and § 632.7. *See Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1076 (N.D. Cal. 2020).

Section 632 requires a context-specific showing of confidentiality based on the nature of the communication. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 774–77 (2002). Plaintiff does not allege that he transmitted any specific medical information or substantive communication—only routine website data such as URLs, clicks, and identifiers. [*See* Compl. at ¶¶ 8–9, 11, 26, 88–89, 92, 131–32, 164–65, 170; Opp. at 18–19]. Such internet-based interactions are not confidential absent "unique, definite circumstances." *See Thomas v. Papa John's Int'l, Inc.*, 2024 WL 2060140, at *4 (S.D. Cal. May 2024); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 2021). Plaintiff alleges none.

Plaintiff's reliance on Penal Code § 31 fails as the Complaint does not plead an aiding-and-abetting theory under § 31 or facts showing knowing participation. [Opp. at 20]. The theory is raised for the first time in opposition. [*Id.*]. Even if § 31 applied, Plaintiff fails to allege that Smile knowingly intended or participated in the recording of a confidential communication. And a party also cannot "eavesdrop" on

its own conversation. *See Turner v. Nuance Commc'ns, Inc.*, 735 F.Supp.3d 1169, 1181–82 (N.D. Cal. May 2024).

Regarding derivative liability, [Opp. at 20], the surplusage canon bars interpretations that collapse distinct provisions into the same rule—courts must avoid constructions that cause one provision to "duplicate another provision or to have no consequence." *United States v. Jesenik*, 702 F. Supp. 3d 1024, 1034 n.8. Section 631(a) expressly includes derivative liability; § 632 does not. Reading § 632 to include that framework would render § 631(a)'s language meaningless. And where the Legislature includes language in one provision but omits it in another, that omission is presumed intentional. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).

Finally, Plaintiff does not plausibly allege scienter. Allegations that Smile used tracking technologies do not show intent to record confidential communications, and conclusory allegations that Smile "implemented" or "installed" tracking tools are insufficient. *See Smith*, 754 F. Supp. 3d at 943–44; [*see also* Compl. at ¶¶ 17, 98, 103, 170]. Courts require factual allegations of knowing agreement or purposeful participation in unlawful recording, not routine use of third-party tools. See *Turner*, 735 F.Supp.3d 1181–85; *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1122 (S.D. Cal. 2023). Plaintiff alleges none. Because Plaintiff alleges no confidential communication, no scienter, and no viable basis for derivative liability, the § 632 claim fails.

**F. NO CONSTITUTIONAL INVASION OF PRIVACY**

Plaintiff fails to point to any highly-offensive disclosure. [*See* Opp. at 24–25]. Courts find offensiveness only where specific, sensitive medical information is disclosed. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 800–01 (N.D. Cal. 2022). Plaintiff's complaint relies on broad labels of "PHI" but does not a plausibly allege the collection of such information. [Opp. at 24–25; *see* Compl.

at ¶¶ 8–9, 11, 26, 88–89, 92, 131–32, 164–65, 170]. Rather, the complaint only alleges collection of and routine website data such as URLs and identifiers. [*Id.*]

And so, Plaintiff also fails to allege the interception of information in which he has a reasonable expectation of privacy. The reasonable expectation of privacy inquiry is inherently context-specific and depends on the nature of the information actually alleged, not labels such as "PHI." *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 36–37 (1994). Plaintiff cannot plausibly allege a reasonable expectation of privacy in information voluntarily entered on a commercial website. *See Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 524–25 (C.D. Cal. 2021). And again, Plaintiff ignores that Smile's privacy policy disclosures of its data collection practices, which entirely undermines any purported expectation of privacy.

### G. PLAINTIFF'S ECPA CLAIM FAILS AS A MATTER OF LAW

In addition to the points raised in the Motion, Plaintiff's ECPA claim fails because he does not meaningfully respond to Smile's party exception or consent arguments—both of which are dispositive. [Opp. at 21–24]. Plaintiff expressly acknowledges that ECPA is a one-party consent statute. [*See* Opp. at 16]. Plaintiff does not dispute that Smile consented to the use of the challenged tracking technologies. [*Id.* at 21–24]. Where one party to the communication consents, or where the Smile is a party to the communication, there is no ECPA violation. *See* 18 U.S.C. § 2511(2)(d); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020). By failing to address these issues, Plaintiff concedes them. *Benitez v. Cnty. of San Diego*, 2026 WL 252373, at *13 (S.D. Cal. Jan. 30, 2026); *Vickery v. SD Bullion, Inc.*, 2026 WL 146625, at *6 (S.D. Cal. Jan. 20, 2026). Accordingly, the Court should dismiss the ECPA claim.

## III. CONCLUSION

For the foregoing reasons, Smile respectfully requests that the Court grant its Motion.

Dated: April 6, 2026

CLARK HILL LLP

By: /s/ *Myriah V. Jaworski*
Myriah V. Jaworski

Attorney for Defendant Smile Brands Inc. dba Bright Now! Dental & Orthodontics